[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Deborah Wright appeals the Hamilton County Municipal Court's judgment convicting her, following a bench trial, of driving under the influence of a drug of abuse in violation of R.C.4511.19(A)(1).[1] In a single assignment of error, she asserts that there was insufficient evidence to support her conviction. Finding her assignment of error persuasive, we reverse her conviction.
In a challenge to the sufficiency of the evidence, an appellate court, after viewing the evidence in a light most favorable to the state, must determine whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[2] To support a conviction for driving under the influence of a drug of abuse, the state must prove that the defendant operated a vehicle after ingesting a drug of abuse, and that the drug adversely and appreciably impaired the driver's actions or mental processes.[3]
On the morning of September 29, 2001, Wright, while driving to work, swerved off the road, onto a sidewalk, and hit a telephone pole in front of a dry-cleaning store. Jeannie Messer, an employee of the dry-cleaning store, was walking to work and witnessed this accident. She testified that Wright did not appear intoxicated, but that "there was something wrong with her."
The morning of the accident, Wright had taken Lithium, Valium and Depakote, prescribed drugs for her bipolar manic-depressive disorder. Wright testified that she had only taken her prescribed dose and that she had been taking medication for her bipolar disorder for the past two years. Further, she testified that since she had been diagnosed with bipolar disorder she had not been involved in any other accident. Wright testified that she swerved up on the sidewalk because she had taken her eyes off the road to turn on her defroster. At the scene of the accident, Wright performed poorly on several field sobriety tests. But neither a urinalysis[4] nor blood test was performed.
Wright testified that she had felt fine in the morning but that after she had the accident she went into a "manic" stage. A letter from her doctor, admitted into evidence without objection, indicated that Wright did suffer from a bipolar disorder and that her manic stages were characterized by excessive, rapid speech.
The arresting officer, Paul Cooper, testified that Wright had slurred her words and had talked excessively, but that he had not detected the odor of alcohol. Officer Cooper testified that he was of the opinion that Wright was under the influence of "some type of a drug of abuse," but he did not testify whether her ability to drive had been impaired by the prescription drugs. On cross-examination, Officer Cooper testified that he did not know the effects of Lithium, Valium, and Depakote on a person's nervous system.
Wright asserts that the state failed to prove beyond a reasonable doubt that her ingestion of prescribed drugs for her bipolar disorder "adversely and appreciably impaired her actions or mental processes." We agree. The state did not present any evidence that the drugs Wright had ingested had impaired her ability to drive. Officer Cooper, although asked if he had an opinion whether Wright's ability to drive was impaired by the prescription drugs, never offered an opinion to that effect. Instead, he testified that he was unaware of how the drugs at issue here affected a person's central nervous system. This testimony was reflective of the fact that the effects of these prescription drugs, taken in their proper dosage, on a person's ability to drive is not within the common knowledge of a layperson, as is the knowledge of the effects of alcohol on one's ability to drive safely.[5]
Finally, Wright presented unrebutted testimony, that she had entered a manic stage after the accident, and that it had not been the prescription drugs affecting her at the time Officer Cooper interviewed her, but her mental illness, a bipolar disorder. Officer Cooper's testimony that Wright had been talking excessively and her doctor's letter describing her manic stages supported this testimony.
Based on these particular circumstances, we hold that the state was obligated to present some form of expert testimony to show that the drugs adversely and appreciably impaired Wright's ability to drive in order to overcome the presumption of her innocence.[6] As this was not done, we sustain her single assignment of error, reverse the trial court's judgment convicting her of driving under the influence of a drug of abuse, and discharge her from further prosecution for that offense.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Sundermann and Winkler, JJ.
[1] Wright was also convicted of reckless driving in violation of R.C. 4511.202, but she does not appeal that conviction.
[2] State v. Smith (1997), 80 Ohio St.3d 89, 684 N.E.2d 668
[3] State v. Bakst (1986), 30 Ohio App.3d 141, 145, 506 N.E.2d 1208.
[4] Wright offered to submit to a urinalysis test, but was unable to offer a specimen.
[5] See State v. Stratton (Mar. 10, 1978), 3rd Dist. No. 14-77-9.
[6] See Painter, Ohio Driving Under The Influence Law (2002), Section 5.16.